# EXHIBIT 5

Docusign Envelope ID: 1D34B6BA-E941-427F-A963-8DC2A08B963E

# CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement ("**Agreement**") is entered into by and among Hooman Melamed, M.D., an individual ("**Dr. Melamed**"); and Cedars-Sinai Medical Center ("**CSMC**"), the Medical Staff of Cedars-Sinai Medical Center, ~~Rick Delamarter, M.D.~~, Michael Langberg, M.D., Neil Romanoff M.D., William Brien, M.D., Cedars-Sinai Marina Hospital, formerly known as CFHS Holdings, Inc. dba Marina del Rey Hospital ("**MDR Hospital**"), and the Medical Staff of CFHS Holdings, Inc. dba Marina del Rey Hospital ("**MDR Medical Staff**") (collectively, the "**Parties**"). The Parties may hereinafter be individually referred to as a "Party."

*[handwritten margin notes: CN NKS]*

## RECITALS

a. WHEREAS, on July 11, 2014, Dr. Melamed filed his initial complaint in *Hooman Melamed, M.D. v. Cedars-Sinai Medical Center, et al.*, Case No. BC551415 ("**Melamed I**") against CSMC; William Brien, M.D.; Rick Delamarter, M.D.; Michael Langberg, M.D.; and Neil Romanoff, M.D., and later added the Medical Staff of Cedars-Sinai Medical Center and the Cedars-Sinai Medical Center Medical Executive Committee as Defendants (collectively, "**Melamed I Defendants**") *[handwritten: with the exception of Dr. Delamarter CN NKS]* asserting five causes of action: (1) violation of Health and Safety Code section 1278.5; (2) tortious interference with prospective economic relations; (3) tortious interference with contractual relations; (4) unfair competition; and (5) violation of Business and Professions Code sections 16700, *et seq.*;

b. WHEREAS, on July 21, 2014, Dr. Melamed filed a First Amended Complaint in **Melamed I**, asserting seven causes of action: (1) violation of Health and Safety Code section 1278.5; (2) tortious interference with prospective economic relations; (3) tortious interference with contractual relations; (4) unfair competition; (5) violation of Business and Professions Code sections 16700, *et seq.*; (6) violation of Business and Professions Code sections 510 *et seq.* and 2056 *et seq.*; and (7) wrongful termination of hospital privileges;

c. WHEREAS, on April 16, 2015, Dr. Melamed resigned from the Medical Staff of Cedars-Sinai Medical Center in writing;

d. WHEREAS, on November 1, 2022, Dr. Melamed filed the operative Second Amended Complaint in **Melamed I**, asserting four causes of action: (1) violation of Health and Safety Code section 1278.5; (2) tortious interference with prospective economic relations; (3) tortious interference with contractual relations; and (4) wrongful termination of hospital privileges;

e. WHEREAS, on June 24, 2022, Dr. Melamed filed his complaint in *Hooman Melamed, M.D. v. Cedars-Sinai Medical Center, et al.*, Case No. 22STCV20663 ("**Melamed II**") against CSMC;

f. WHEREAS, on December 2, 2022, Dr. Melamed filed the operative First Amended Complaint in **Melamed II**, asserting one cause of action for violation of Health and Safety Code section 1278.5;

g. WHEREAS, on December 2, 2022, Dr. Melamed filed an amendment in **Melamed II**, naming MDR Hospital as a defendant;

Docusign Envelope ID: 1D34B6BA-E941-427F-A963-8DC2A08B963E

    h.    WHEREAS, on May 10, 2023, Dr. Melamed filed amendments in **Melamed II,** naming the Cedars-Sinai Medical Center Medical Executive Committee; the Medical Staff of CFHS Holdings, Inc. dba Marina del Rey Hospital; CFHS Holdings, Inc. dba Marina del Rey Hospital Medical Executive Committee; and the Medical Staff of Cedars-Sinai Medical Center as defendants. Defendants CSMC, MDR Hospital, Cedars-Sinai Medical Center Medical Executive Committee; the Medical Staff of CFHS Holdings, Inc. dba Marina del Rey Hospital; CFHS Holdings, Inc. dba Marina del Rey Hospital Medical Executive Committee; and the Medical Staff of Cedars-Sinai Medical Center hereafter are collectively referred to as the "**Melamed II Defendants**";

    i.    WHEREAS, on December 13, 2023, the Honorable Douglas Stern granted the **Melamed II** Defendants' Motion for Summary Judgment;

    j.    WHEREAS, on February 5, 2024, the Honorable Douglas Stern entered judgment in favor of the **Melamed II** Defendants;

    k.    WHEREAS, on March 5, 2024, the **Melamed II** Defendants filed a Memorandum of Costs (the "**Memorandum of Costs**");

    l.    WHEREAS, on March 28, 2024, the **Melamed I** Defendants filed a Motion for Summary Judgment;

    m.    WHEREAS, on April 2, 2024, Dr. Melamed filed a Notice of Appeal in Melamed II, Second Appellate District Case No. B337962 (the "**Melamed II Appeal**");

    n.    WHEREAS, on April 16, 2024, the **Melamed II** Defendants filed a Motion for Attorneys' Fees (the "Fees Motion");

    o.    WHEREAS, Dr. Melamed is a member of the MDR Medical Staff in good standing and holds clinical privileges at MDR Hospital as of the date of execution of this agreement;

    p.    WHEREAS, the Parties desire to settle and resolve **Melamed I** and **Melamed II**, in their entirety;

    q.    WHEREAS, Oak Bull, LLC initiated a Qui Tam action currently pending in the United States District Court for the Central District of California Western Division entitled United States of America and State of California ex rel. Oak Bull, LLC, a New Mexico LLC v. Cedars-Sinai Medical Center, et. al, Case No. CV-20-8439 WLH (PVCx) (the "**Qui Tam Action**").

    r.    WHEREAS this Settlement Agreement does not release, dismiss, impact, limit, or otherwise affect the **Qui Tam Action** in any manner whatsoever.

Docusign Envelope ID: 1D34B6BA-E941-427F-A963-8DC2A08B963E

## TERMS OF SETTLEMENT AGREEMENT

**1.     In consideration for the fulfillment of the covenants and promises set forth herein, the Parties agree as follows:**

**1.1    Medical Executive Committees Not Legal Entities.** Defendants have represented and Dr. Melamed acknowledges that although he named the Cedars Sinai Medical Center Medical Executive Committee as a defendant in **Melamed I** and named the Cedars Sinai Medical Executive Committee and CFHS Holdings, Inc. dba Marina Del Rey Hospital Medical Executive Committee as defendants in **Melamed II,** such committees are not legal "persons" or entities capable of being sued or entering into contracts.

**1.2    Dr. Melamed may remain as a member of the MDR Medical Staff in good standing and hold clinical privileges at MDR Hospital subject to all applicable Medical Staff requirements, obligations and peer review processes.** The parties acknowledge and agree that Dr. Melamed is a member of the MDR Medical Staff in good standing as of the date of execution of this Settlement Agreement.

**1.3    Dismissal of Melamed I with Prejudice:** Within five (5) calendar days of the full execution of this Agreement, Dr. Melamed will sign and cause to be filed in the Los Angeles County Superior Court a Request for Dismissal of Case No. BC551415, with prejudice.

**1.4    Dismissal of Melamed II Appeal:** Within five (5) calendar days of the full execution of this Agreement, Dr. Melamed will sign and cause to be filed in the Second Appellate District an Abandonment of Appeal (Civil Case) for Case No. B337962.

**1.5    Withdrawal of Memorandum of Costs and Fees Motion:** The Memorandum of Costs and the Fees Motion in **Melamed II** will be withdrawn within ten (10) calendar days of the full execution of this Agreement.

**1.6    No Future Filings.** Dr. Melamed shall not file or cause to be filed any complaints, charges, applications, claims, or grievances at any time hereafter regarding any and all claims, demands, rights, causes of action, damages, losses, attorneys' fees and expenses, and costs released in Paragraph 2.1 of this Agreement. If any such complaint, charge, application, claim, or grievance released in Paragraph 2.1 of this Agreement is filed on behalf of or with respect to Dr. Melamed, he shall promptly request such agency, court, or other body to withdraw the matter with prejudice.

**1.7    Malicious Prosecution.** The **Melamed I Defendants** and the **Melamed II Defendants** hereby waive and release any and all claims against Dr. Melamed for malicious prosecution as a result of Plaintiff's filing of **Melamed I** and **Melamed II**.

**1.8    Defendants** further agree that they will not use the fact that Dr. Melamed filed **Melamed I** and/or **Melamed II,** or any facts that exist and are currently known to the Defendants as of September 1, 2024, as the sole basis for suspension or recommended or final termination of Dr. Melamed's MDR Medical Staff membership and/or privileges.

Docusign Envelope ID: 1D34B6BA-E941-427F-A963-8DC2A08B963E

## 2. **Release By Dr. Melamed**

### 2.1 Release.

(a) Except for the rights and obligations created or preserved by this Agreement, Dr. Melamed fully and forever generally releases, acquits, and discharges the **Melamed I Defendants** and **Melamed II Defendants**, together with their past, present, and future executives, officers, directors, employees, supervisors, agents, stockholders, contractors, attorneys, servants, representatives, parent entities, subsidiary entities, affiliate entities, partners, insurers, joint venturers, and all Medical Staff members, including, but not limited to, all past and present peer review committee members and their chairs, Medical Executive Committee members, Medical Staff Officers, and the predecessors, successors, heirs, executors, administrators, designees, and assigns of each of the foregoing (collectively the "Released Parties"), from any and all claims, demands, rights, causes of action, damages, losses, attorneys' fees and expenses, and costs of every kind and nature whatsoever, known or unknown, fixed or contingent, which he ever had in the past, or now has against the Released Parties in connection with **Melamed I** or **Melamed II** and any facts underlying or related to **Melamed I** or **Melamed II** that have arisen or accrued or exist as of the date of execution of this Settlement Agreement ("**Released Claims**"). **Released Claims** do not include any claims, demands, rights, causes of action, damages, losses, attorneys' fees and expenses, or costs for breach or enforcement of this Settlement Agreement, claims, demands, rights, causes of action, damages, losses, attorneys' fees and expenses, and costs, that arise or accrue after the date of execution of this Settlement Agreement, claims, demands, rights, causes of action, damages, losses, attorneys' fees and expenses, and costs which cannot be waived as a matter of law, or claims, demands, rights, causes of action, damages, losses, attorneys' fees and expenses, and costs related to or arising out of the **Qui Tam Action**.

### 2.2 Section 1542 Waiver.

Dr. Melamed acknowledges that he has read, considered, and understands the provisions and significance of Section 1542 of the California Civil Code, which presently provides as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released parties.**

Dr. Melamed hereby expressly waives any and all rights that he has or may have under Civil Code § 1542, as now worded or hereafter amended, with respect to any releases set forth in this Agreement. Dr. Melamed acknowledges that he may hereafter discover claims presently unknown or unsuspected or additional or different facts from those which he now knows or believes to be true with respect to the claims released by this Agreement. Nevertheless, Dr. Melamed intends by this Agreement to fully, finally, and forever release all matters released herein, such that all releases in this Agreement shall remain in effect as full and complete releases of such matters released herein notwithstanding the discovery or existence of any additional or different claims or facts relevant thereto.

Docusign Envelope ID: 1D34B6BA-E941-427F-A963-8DC2A08B963E

**3.     Conduct.**

**3.1     Dr. Melamed's Compliance With Bylaws, Rules and Regulations, and Policies and Procedures.**

Dr. Melamed hereby affirms and acknowledges that, notwithstanding any other term or provision of this Agreement, while he is a member of the MDR Medical Staff, he is governed by and shall conform to, without limitation, as applicable and as they may be in effect from time-to-time, the MDR Medical Staff's Bylaws, Rules and Regulations, Code of Conduct, and Policies and Procedures; the MDR Hospital's Code of Conduct and Rules and Regulations; Cedars-Sinai's Bylaws, Rules and Regulations, Policies and Procedures, and Corporate Compliance Program; all applicable laws and regulations; and the requirements of governmental agencies and the Joint Commission ("Policies, Rules, Bylaws, and Procedures"). Dr. Melamed's compliance with each and all of the Policies, Rules, Bylaws, and Procedures is a material term of this Agreement.

**3.2     Dr. Melamed will Abide by the Code Of Conduct.** Dr. Melamed expressly agrees and acknowledges that he has received, reviewed, and agrees to abide by the Code of Conduct Policy and related Physician expectations for cordiality, as applicable, and as they may be in effect from time-to-time while he is a member of the MDR Medical Staff.

**3.3     Dr. Melamed's Use of Social Media.** Dr. Melamed shall not post, publish, communicate, like, retweet, repost, comment on, or otherwise share or cause to be shared on any form of social media or other internet platform any content that disparages, is inimical to, damages, or may damage the reputation of any of the Released Parties, regardless of Dr. Melamed's intent or surrounding circumstances. Examples of content on social media or internet platforms under this Section 3.3 include, but are not limited to, images, videos, or text. Examples of sharing content include, but are not limited to, sharing content inadvertently or accidentally, sharing in a private group on social media or on a media page with privacy settings that restrict public access, sharing with good intentions toward patient care, or sharing content that is deleted after sharing.

**3.4     Dr. Melamed's Conduct Regarding Patient Records.** While he is a member of the MDR Medical Staff or a member of the Medical Staff of any Cedars-Sinai Health System ("CSHS") owned or affiliated facility, Dr. Melamed shall not access, use, acquire, copy, maintain, or disclose any patient records or patient information within any information management system, electronic health records system, or other technology system containing records or information maintained by CSMC or any affiliate of CSMC (collectively, **"Cedars-Sinai Systems"**), unless the following conditions are met at the time the records or information is accessed:

(a) the records and information directly relate to a patient who is currently under Dr. Melamed's care at MDR Hospital at the time of access to the records or information; or

(b) if the patient is not currently under Dr. Melamed's care at MDR Hospital, Dr. Melamed has obtained written consent from the patient to access such records or information.

In either event, Dr. Melamed will comply with all applicable requirements of the federal Health Insurance Portability and Accountability Act and any other applicable state or federal health information privacy laws; and

Docusign Envelope ID: 1D34B6BA-E941-427F-A963-8DC2A08B963E

At all times while Dr. Melamed holds clinical privileges, active or otherwise, at MDR Hospital or any other hospital or surgery center that is an affiliate of CSHS, Dr. Melamed will comply with the joint Notice of Privacy Practices of the CSHS affiliate hospital and/or surgery center and its medical staff;; any applicable policy or standard of such CSHS hospital and/or surgery center and its medical staff; and all CSHS policies and procedures regarding the privacy and security of patient information or the use of Cedars-Sinai Systems,

Dr. Melamed acknowledges and understands that CSMC and/or CSHS will monitor his access to patient information and use of Cedars-Sinai Systems and that access by Dr. Melamed that is in violation of federal or state privacy laws may be reportable by CSMC or MDR Hospital as a privacy breach. Dr. Melamed agrees to respond to inquiries from the Cedars-Sinai Privacy Office regarding any access and use of patient information from Cedars-Sinai Systems in a timely, truthful and cooperative manner.

**3.5    Dr. Melamed's Reporting of Complaints or Concerns.** Dr. Melamed agrees to report any and all of his concerns regarding MDR Hospital through the My CS-Safe Portal, pursuant to any and all applicable policies and procedures. Nothing in this section 3.5 is intended to prevent Dr. Melamed from reporting his concerns to an accreditation or government entity, to the extent such reporting is as described and protected by California Health and Safety Code Section 1278.5.

**3.6    Consequences of Breach.** Any breach of this Section 3 by Dr. Melamed may be considered by the **MDR Medical Staff** and/or **MDR Hospital** in determining whether corrective action is reasonable and warranted.

**3.7    Mutual Non-Disparagement.** The signatories to this Agreement agree not to express any maliciously untrue statements that are derogatory and damaging about each other in any public way or to anyone who could make these statements public. Nothing herein will prevent the signatories to this Agreement from providing information and testimony they in good faith reasonably believe to be truthful (a) to government authorities; (b) in any legal proceedings; (c) in investigations; (d) in or for peer review; (e) if agreed in writing by the subject of the information being released; or (f) as otherwise required by law.

**4.    Representations and Warranties.**

**4.1    Legal Representation.** Each Party represents and warrants it/he has been advised to seek advice from independent legal counsel of its/his own choosing regarding all provisions of this Agreement, and understands and acknowledges the significance and consequence of this Agreement, and each Party expressly consents that this Agreement shall be given full force and effect according to each and all of its express terms and provisions.

**4.2    No Assignment.** Each Party represents and warrants that there has been no assignment or transfer of any interest in any Claims released herein.

**4.3    Authority.** Each natural person signing this Agreement on behalf of an entity represents and warrants that he or she has authority to bind such entity to this Agreement.

**4.4    Voluntary Agreement.** Each Party represents and warrants that it/he is entering into this Agreement voluntarily and without duress. Each Party acknowledges that it/he has read and understands this Agreement, that it/he has reviewed this Agreement with their respective

Docusign Envelope ID: 1D34B6BA-E941-427F-A963-8DC2A08B963E

counsel, and that it/he had a reasonable period of time to consider this Agreement before signing it.

**4.5** **Independent Investigation.** Each Party represents and warrants that it/he has made such investigation of the facts pertaining to the settlement set forth herein, and of all matters pertaining thereto, as it/he deemed necessary and that its/his willingness to execute this Agreement is based on its/his independent investigation, rather than any statement or representation made during the pendency of **Melamed I** or **Melamed II**, including settlement discussions.

**5.** **No Admission of Liability.** Nothing herein shall constitute or be construed as an admission of liability of any nature whatsoever by any Party.

**6.** **Costs and Attorneys' Fees.** Each Party shall bear its/his own costs and expenses, including but not limited to attorneys' fees, arising out of the negotiation, execution, delivery, and performance of this Agreement, all proceedings leading up to this Agreement, including Melamed I and Melamed II, and the consummation of all transactions contemplated hereby.

**7.** **Confidentiality**. The signatories to this Agreement agree that this Agreement and the settlement provided for in this Agreement shall be and are confidential and shall not be disclosed by the signatories to this Agreement to any third party or parties. In the event of service of legal process that may seek to compel disclosure of this Agreement or the settlement provided for in this Agreement, the compelled individual or entity shall provide written notice to all signatories to this Agreement that such disclosure is being compelled sufficiently in advance so as to allow the non-compelled individual or entity the opportunity to object to such disclosure and take such steps as may be necessary to prevent disclosure and preserve the confidentiality of this Agreement and the settlement provided for herein. If any third party inquires of any signatory to this Agreement as to the resolution of the Released Matters, or any of them, the signatory shall respond with the following statement and communicate nothing else: "The matter was resolved to the mutual satisfaction of the Parties." Notwithstanding the foregoing, nothing herein will prevent the signatories to this Agreement from disclosing this Agreement or its terms (a) to government authorities; (b) in any legal proceedings; (c) in investigations; (d) in or for peer review; (e) if agreed in writing by the subject of the information being released; or (f) as otherwise required by law.

**8.** **Notices.** All letters, notices, requests, demands and other communications required or permitted to be given to the Settling Parties pursuant to this Agreement shall be in writing, provided by electronic mail, followed by a hard copy sent the following day via express delivery service, and addressed as follows:

For Dr. Melamed:                     Mark T. Quigley
                                     Christian T. F. Nickerson
                                     Greene Broillet & Wheeler, LLP
                                     222 N. Pacific Coast Highway, Suite 2100
                                     El Segundo, CA 90245
                                     Telephone: 310.576-1200
                                     Facsimile:  310.576-1220
                                     mquigley@gbw.law
                                     cnickerson@gbw.law

Docusign Envelope ID: 1D34B6BA-E941-427F-A963-8DC2A08B963E

|  |  |
|---|---|
|  | Hooman Melamed, M.D.<br>9777 Wilshire Blvd<br>Suite 808<br>Beverly Hills, CA 90212<br>Telephone: 424-21-SPINE<br>info@thespinepro.com |
| For Defendants: | Debra J. Albin-Riley, Esq.<br>Nora Stilestein, Esq.<br>ArentFox Schiff LLP<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA 90013<br>Telephone: 213.443.7545<br>Facsimile: 213.629.7401<br>debra.riley@afslaw.com<br>nora.stilestein@afslaw.com |
|  | Cedars-Sinai<br>Legal Affairs Department<br>6500 Wilshire Boulevard, Suite 22<br>Los Angeles, CA 90048<br>legalaffairs@cshs.org |

### 9.  Miscellaneous.

**9.1   Entire Agreement.** This Agreement constitutes the entire understanding and agreement between the Parties concerning the subject matter hereof and supersedes all prior and contemporaneous agreements, understandings, terms, conditions, and representations, written or oral, made by any of the Parties or their agents, concerning the matters covered by this Agreement.

**9.2   Modification and/or Amendment.** This Agreement may be amended and modified only by a written agreement signed by all of the Parties specifically acknowledging and approving of the modification.

**9.3   Execution of Documents.** Each Party agrees to cooperate in good faith regarding additional documents that may be necessary to carry out the purpose of this Agreement and to cooperate in the expeditious preparation, filing, and/or recording of any and all documents and the fulfillment of the terms of this Agreement.

**9.4   Successors and Assigns.** This Agreement shall inure to the benefit of, and shall be binding on the Parties, and each of them, and their respective successors, assigns, heirs, partners, agents, officers, corporations, partnerships, partners, shareholders, representatives, and each of them.

partners, agents, officers, corporations, partnerships, partners, shareholders, representatives, and each of them.

**9.5 Controlling Law.** This Agreement has been entered into in the State of California and this Agreement, including any rights, remedies, or obligations provided for thereunder, shall be construed and enforced in accordance with the laws of the State of California.

**9.6 Severability.** If any provision of this Agreement is held, determined, or adjudicated to be invalid, unenforceable, or void for any reason, such provision shall be severed from the remaining portions of this Agreement and shall not affect the validity and enforceability of such remaining material provisions.

**9.7 Effect of Headings.** The titles and headings of this Agreement are for convenience and identification only, and shall not be deemed to limit, amplify, or define the contents of the respective sections or paragraphs to which they pertain.

**9.8 Construction.** This Agreement has been negotiated at arm's length between persons (or their representatives) sophisticated and knowledgeable in the matters dealt with in this Agreement. Accordingly, any rule of law (including California Civil Code Section 1654) or legal decision that would require interpretation of any ambiguities in this Agreement against the Party that drafted the Agreement is not applicable and is hereby waived by all Parties. The provisions of this Agreement shall be interpreted in a reasonable manner to effectuate the purpose of the Parties and this Agreement.

**9.9 Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all of which constitute one and the same instrument.

HOOMAN MELAMED, M.D.

_____
Hooman Melamed, M.D.

9/25/24
Date

**CEDARS-SINAI MEDICAL CENTER**

By: _____

Name: _____

Title: _____

_____
Date

9

**9.5     Controlling Law.** This Agreement has been entered into in the State of California and this Agreement, including any rights, remedies, or obligations provided for thereunder, shall be construed and enforced in accordance with the laws of the State of California.

**9.6     Severability.** If any provision of this Agreement is held, determined, or adjudicated to be invalid, unenforceable, or void for any reason, such provision shall be severed from the remaining portions of this Agreement and shall not affect the validity and enforceability of such remaining material provisions.

**9.7     Effect of Headings.** The titles and headings of this Agreement are for convenience and identification only, and shall not be deemed to limit, amplify, or define the contents of the respective sections or paragraphs to which they pertain.

**9.8     Construction.** This Agreement has been negotiated at arm's length between persons (or their representatives) sophisticated and knowledgeable in the matters dealt with in this Agreement. Accordingly, any rule of law (including California Civil Code Section 1654) or legal decision that would require interpretation of any ambiguities in this Agreement against the Party that drafted the Agreement is not applicable and is hereby waived by all Parties. The provisions of this Agreement shall be interpreted in a reasonable manner to effectuate the purpose of the Parties and this Agreement.

**9.9     Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all of which constitute one and the same instrument.

**HOOMAN MELAMED, M.D.**

_____          _____
Hooman Melamed, M.D.                                                    Date

**CEDARS-SINAI MEDICAL CENTER**

By: _____

Name: _____          9/26/2024
                                                                                    Date
Title: Executive Vice President &
        Chief Operating Officer

9

**THE MEDICAL STAFF OF CEDARS-SINAI MEDICAL CENTER**

By: /M/

Name: Monique Araya, MD

Title: Chief of Staff, Cedars Sinai Medical Center

September 20, 2024
Date

**CEDARS-SINAI MARINA HOSPITAL, formerly known as CFHS HOLDINGS, INC. dba MARINA DEL REY HOSPITAL**

By: _____

Name: _____

Title: _____

_____
Date

**THE MEDICAL STAFF OF CEDARS-SINAI MARINA HOSPITAL, formerly known as CFHS HOLDINGS, INC. dba MARINA DEL REY HOSPITAL**

By: _____

Name: _____

Title: _____

_____
Date

**WILLIAM BRIEN, M.D.**

_____
William Brien, M.D.

_____
Date

**RICK DELAMARTER, M.D.**

_____
Rick Delamarter, M.D.

_____
Date

10

**THE MEDICAL STAFF OF CEDARS-SINAI MEDICAL CENTER**

By: _____

Name: _____

Title: _____

_____
Date

**CEDARS-SINAI MARINA HOSPITAL, formerly known as CFHS HOLDINGS, INC. dba MARINA DEL REY HOSPITAL**

By: *Joanne Laguna-Kennedy* (signature)

Name: Joanne Laguna-Kennedy

Title: Chief Operating Officer

September 20, 2024
Date

**THE MEDICAL STAFF OF CEDARS-SINAI MARINA HOSPITAL, formerly known as CFHS HOLDINGS, INC. dba MARINA DEL REY HOSPITAL**

By: _____

Name: _____

Title: _____

_____
Date

**WILLIAM BRIEN, M.D.**

_____
William Brien, M.D.

_____
Date

**RICK DELAMARTER, M.D.**

_____
Rick Delamarter, M.D.

_____
Date

10

THE MEDICAL STAFF OF CEDARS-SINAI MEDICAL CENTER

By: _____

Name: _____

Title: _____

Date _____

CEDARS-SINAI MARINA HOSPITAL, formerly known as
CFHS HOLDINGS, INC. dba MARINA DEL REY HOSPITAL

By: _____

Name: _____

Title: _____

Date _____

THE MEDICAL STAFF OF CEDARS-SINAI MARINA HOSPITAL, formerly known as
CFHS HOLDINGS, INC. dba MARINA DEL REY HOSPITAL

By: *[signature]*

Name: Keith Yabumoto, M.D.

Title: Chief of Staff

Date: 9/30/24

WILLIAM BRIEN, M.D.

_____
William Brien, M.D.

Date _____

RICK DELAMARTER, M.D.

~~_____~~
~~Rick Delamarter, M.D.~~

~~Date~~

*For the avoidance of doubt, the terms of this agreement do not apply to Dr. Delamarter.*

CN NKS

10

Docusign Envelope ID: 1D34B6BA-E941-427F-A963-8DC2A08B963E

**THE MEDICAL STAFF OF CEDARS-SINAI MEDICAL CENTER**

By: _____

_____
Date

Name: _____

Title: _____

**CEDARS-SINAI MARINA HOSPITAL, formerly known as CFHS HOLDINGS, INC. dba MARINA DEL REY HOSPITAL**

By: _____

_____
Date

Name: _____

Title: _____

**THE MEDICAL STAFF OF CEDARS-SINAI MARINA HOSPITAL, formerly known as CFHS HOLDINGS, INC. dba MARINA DEL REY HOSPITAL**

By: _____

_____
Date

Name: _____

Title: _____

**WILLIAM BRIEN, M.D.**

*/s/ William Brien*

William Brien, M.D.

9/26/2024
Date

**RICK DELAMARTER, M.D.**

_____

_____
Date

Rick Delamarter, M.D.

Docusign Envelope ID: 1D34B6BA-E941-427F-A963-8DC2A08B963E

**MICHAEL LANGBERG, M.D.**

*Michael Langberg, M.D.*　　　　　　　　　9/25/2024

Michael Langberg, M.D.　　　　　　　　　Date

**NEIL ROMANOFF, M.D.**

*Neil Romanoff, M.D.*　　　　　　　　　9/25/2024

Neil Romanoff, M.D.　　　　　　　　　Date